IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| AVIS WILLIAMSON, | ) | |
|---|---|---|
| Plaintiff, | ) | 8:16CV179 |
| v. | ) | |
| | ) | **MEMORANDUM** |
| MEINEKE CAR REPAIR SHOP and CHARLES OLSON, | ) | **AND ORDER** |
| Defendants. | ) | |

Plaintiff, a non-prisoner, filed her Complaint in this matter on April 21, 2016. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff sues Meineke Car Repair Shop and its owner, Charles Olson, because Meineke insists on charging her to fix leaky transmission-fluid hoses in her car after Meineke had just changed the transmission fluid "a couple months" earlier. Plaintiff alleges that Meineke "refuse[s] to service [my car] without me paying them again." (Filing No. 1 at CM/ECF p. 5.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### III. DISCUSSION OF CLAIMS

Federal district courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The subject-matter jurisdiction of the federal district courts is generally set forth in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when the parties are of diverse citizenship and the amount in controversy exceeds $75,000, or when a "federal question" is presented. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction, when "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Natl. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00. 28 U.S.C. § 1332(a).

Subject matter jurisdiction is also proper under 28 U.S.C. §§ 1331 when a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," the Constitution, or treaties of the United States, commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). Under this type of jurisdiction, a plaintiff must allege that the defendants deprived him of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed under "color of state law" in order to bring a claim under 42 U.S.C. § 1983. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

Upon careful review of Plaintiff's Complaint, the court finds that it lacks subject-matter jurisdiction over this matter. As to diversity-of-citizenship jurisdiction,

Plaintiff alleges that both she and Defendant Meineke Car Repair Shop are citizens[1] of Nebraska. Plaintiff does not allege the citizenship of Defendant Olson, but lists his address as 4839 North 90th Street in Omaha, Nebraska. (Filing No. 1 at CM/ECF p. 2.) Because the citizenship of Plaintiff and at least one of the defendants is not diverse, diversity-of-citizenship jurisdiction does not exist in this case. Further, Plaintiff has not alleged a money amount in controversy, and even if she had, it would be nowhere near the sum required to satisfy the amount-in-controversy requirement of 28 U.S.C. § 1332.

Plaintiff does not claim that federal-question jurisdiction is applicable (Filing No. 1 at CM/ECF p. 4), nor does she set forth any specific actions taken by Defendants that violate any constitutional right or support a claim under 42 U.S.C. § 1983 or any other federal statute.

For these reasons, the court lacks subject-matter jurisdiction pursuant to either 28 U.S.C. §§ 1331 or 1332, and this action must be dismissed without prejudice[2] pursuant to Federal Rule of Civil Procedure 12(h)(3). The court will not give Plaintiff an opportunity to amend her complaint in this matter because it is obvious that amendment would be futile. Even liberally construed, Plaintiff's Complaint does not set forth any discernible claim for relief over which this court has jurisdiction.

IT IS ORDERED:

---

[1]Plaintiff alleges that Meineke Repair Shop is incorporated under the laws of Nebraska and has its principal place of business in Nebraska. *See* 28 U.S.C. § 1332(c)(1).

[2]*See County of Mille Lacs v. Benjamin*, 361 F.3d 460, 464 (8th Cir. 2004) ("A district court is generally barred from dismissing a case with prejudice if it concludes subject matter jurisdiction is absent.")

1. This action is dismissed without prejudice for lack of subject-matter jurisdiction.

2. Judgment shall be entered by separate document.

DATED this 10th day of June, 2016.

BY THE COURT:

\

s/ *Richard G. Kopf*
Senior United States District Judge